IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL MORRIS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-532-O |
| | § | |
| CORPORAL COMBS, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Michael Morris's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Morris, an inmate at the Tarrant County jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983[1] and naming as defendants several Tarrant County officials, including Joe Shannon, district attorney; Corporal Combs, supervisor, Tarrant County jail law library; and Sheriff Dee Anderson and Captain Pilkington of the Tarrant County jail. Morris also named as a defendant Greg Abbott, attorney general, State of Texas. (Compl. Style; § IV(B)). In response to a Court order, Morris filed a more definite statement along with exhibits and attachments. Although the more definite statement does not fully comply with the Court's order since Morris failed to answer several questions, the Court has obtained sufficient information to review and resolve Morris's claims.

Morris is presently detained in the Tarrant County jail on two charges pending in the Criminal District Court Number One of Tarrant County, Texas: sexual assault of a child under 17, case number 1319350, and evading arrest, case number 1319357. Morris is presently represented by attorney Harry

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

Harris, and the next scheduled date in the cases is November 1, 2013.[2] Morris alleges that Corporal Combs denied him access to court and the right to meaningfully participate in the preparation of his defense, and that Captain Pilkington and Sheriff Anderson were also responsible for the denial of access to court and interference with his right to participate in his defense, by failing to correct the actions taken by Corporal Combs. (Compl. § IV, attachment page; More Definite Statement (MDS) at 2-4.) Morris's allegation against Abbott is that he was aware of the violation and should have intervened. (MSS at 4.) As to Joe Shannon, Morris contends that he has failed to honor an "open file" policy in violation of *Brady*.[3] (MDS at 3.) Morris seeks only monetary damages, as he writes "I would like the fees, fines, restitution to the court, punitive damages for not obeying the law in the form of a monetary award." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[5] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or

---

[2] Staff telephone contact with the office of the Tarrant County District Clerk revealed this information on the pending charges against Michael Morris Tarrant County CID number 0506493. The Court takes judicial notice of these facts. *See* Fed. R. Evid. 201(b)(2).

[3] *Brady v. Maryland,* 373 U.S. 83 (1963).

[4] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[5] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)), *abrogation on other grounds recognized, Mosser v. Haney,* No.3-03-CV-2260-B, 2005 WL 1421440, at *7 (N.D. Tex. June 17, 2005)).

employee as soon as possible after docketing.[6] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[7] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[8] After review of the complaint and more definite statement under these standards, the Court concludes that Morris's claims must be dismissed.

*Joe Shannon - Absolute Immunity*

Tarrant County District Attorney Joe Shannon is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10] In his more definite statement, Morris specifically alleges that Shannon "had my files closed for 75 days" and that the failure to disclose "evidence in my case to me and my lawyer is clearly a *Brady* violation." (MDS at 3.) Thus, even assuming Plaintiff's allegations against Joe Shannon are true, such allegations are against Shannon in his role as prosecutor on behalf of the State of Texas. Thus, defendant Joe Shannon is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

---

[6] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[7] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[8] *Id.,(*citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

*Corporal Combs - No Constitutional Violation*

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[11] The Court concludes that Morris has failed to satisfy the first element. As noted above, Morris alleges that Corporal Combs denied him access to court by failing to provide to him certain form motions available in the Tarrant County law library because Morris was represented by counsel. Specifically, Morris recites:

> Corporal Combs runs the law library for Green Bay [a Tarrant County jail unit]. In the last week of May is when he made the threats to me about destroy of motions and not letting me mail my legal mail.  In the law library there is a sign on the front of his desk that clearly states that the officer is not a lawyer and cannot give any legal advice to indigent prisoners.  On that week of May I was looking through the motion book to prepare for my defense, as I came across three of the motions that pertained to my defense I requested for them as we are supposed to do by writing the number that is beside each motion.  I gave them to him and he asked if I had a lawyer and if I was pro-se.  I said yes to both,  he then looked at the motions and began to give me legal advice as he is not supposed to do.  He said that if I get and file those motions that the courts would not except them and they would shred them.  Mr. Combs was saying these things to clearly keep me from filing these motions which is clearly violating the law.  So therefore he is trying to take authority in my defense.  The sign on the front of his desk clearly states that he is not to interfere with inmates defense.  He is trying to discriminate me from filing my motions for my defense.  Which is violating my Fourteenth Amendment Constitutional right to meaningfully participate in the evaluation, preparation and presentation of my defense. [sic] (MDS at 2.)

Although the Supreme Court, in *Bounds v. Smith,*[12] recognized a fundamental constitutional

---

[11] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[12] *See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the  courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999

right of access to the courts, it later clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[13]

Thus, in order to state a claim of a right to relief on the alleged facts, Morris must set forth that the complained-of action hindered his efforts to pursue a legal claim.[14] But Morris has not done this.

First, within the detailed factual recitation recited above, Morris did not, in spite of the Court's question in the Order for More Definite Statement, provide any facts of how any of the conduct has caused him harm. Furthermore, a plaintiff represented by court-appointed counsel has no constitutional right of access to a law library.[15] Thus, while represented by attorney Harry Harris, the alleged restrictions by Combs on Morris's access to form motions did not violate the right of access to court. In this regard, the Court notes that Combs failed to provide the Court with any answer

---

F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[13]*Lewis v. Casey,* 518 U.S. 343, 351 (1996).

[14] *See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim)); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

[15] *See Caraballo v. Fed. Bureau of Prisons,* 124 F. App'x. 284, 285 (5th Cir. 2005)(holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted); *see also Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996)(holding that an inmate who rejected court-appointed counsel had no constitutional right to access a law library, and noting "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law")(citing *Bounds,* 430 U.S. at 838)(other citations omitted)).

to the questions in the Order for More Definite Statement as what challenges his counsel may have filed to the charges pending against him. (Order for More Definite Statement ¶¶ 9-10.) Thus, as Morris has not alleged any harm, and has not shown that he was prevented from seeking relief in court, albeit through his counsel, his claim against Corporal Combs for denial of access to court must be dismissed.

Morris also phrases his claim against Corporal Combs as an alleged interference with his Fourteenth Amendment right to meaningfully participate in the presentation of his defense. (MDS at 2.) The Supreme Court has recognized that the core of the Sixth Amendment right to counsel, applied to the States through the Fourteenth Amendment, is "the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial."[16] Morris's factual claims do not state a violation of this right. First, as noted above, Morris has not alleged any harm in the ongoing criminal proceedings. Morris does not even reference his counsel or what efforts his counsel is making in defense of his pending charges. But, the alleged law library incident took place in the last week of May 2013, and at this time, the charges are still pending. Thus, nothing about Morris allegations against Combs states a claim that he and his counsel have been unable to investigate and prepare a defense for trial. Thus, any claim against Combs for a violation of a Fourteenth Amendment right to prepare a defense for trial must be dismissed.

*Remaining Defendants-No Vicarious Liability-No Liability for Response to Grievance or Letter*

A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular

---

[16] *Kansas v. Ventris,* 556 U.S. 586, 590 (2009)(quoting *Michigan v. Harvey,* 494 U.S. 344, 348 (1990)).

constitutional theory, must be based upon personal responsibility.[17] Morris names in his complaint Attorney General Greg W. Abbott, Tarrant County Sheriff Dee Anderson, and Captain Pilkington. The Court ordered Morris to provide facts of the personal involvement of each of these defendants. As to Pilkington and Anderson, Morris alleges that they were the "next chain in command of authority," and have a "direct duty to not allow these things to happen," and "neither one of them corrected [the denial of access to courts] which happened more than once." (MDS at 3.) As to Abbott, Morris alleges he "is aware of these violations because he took an oath to stand by, that they (the violations) would not break the law." (MDS at 4.) Thus, Morris appears to have named Anderson and Pilkington purely because of each defendant's supervisory capacity, and Abbott because of his position as the attorney general. But, § 1983 does not authorize supervisory liability based only on *respondeat superior* or any theory of vicarious liability.[18] Thus, the Court concludes that Morris's claims against Greg Abbott, Dee Anderson, and Captain Pilkington, purely in their roles as supervisors or administrators, must be dismissed.

Morris also alleges that defendants Anderson and Pilkington failed to respond to a "requested administrative remedy for closer supervision of Corporal Combs." (MDS at 4.) But an allegation of an inadequate response to a grievance does not support a constitutional violation. As the Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers:* "[ An inmate] does not have a federally

---

[17] *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *see also Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[18] *See Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983")(citation omitted); *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir.1987)("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability")(citations omitted).

protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless."[19] Thus, Morris's claims that Anderson and Pilkington failed to properly respond to any grievance fails to state a constitutional violation, and must also be dismissed.

Morris also claims that he wrote a letter to Gregg Abbott and gave him "legal notice of a law breaking due process violation by state official and supervisors." (MDS at 4.) An allegation that a government defendant merely failed to respond to a letter, without more, is not sufficient to support a claim for violation of constitutional rights.[20] Thus, this additional claim against Abbott must be dismissed.

In the Order for More Definite Statement, the Court noted that Morris had also included within an attachment page to the "Statement of Claim" section of the complaint, a broad challenge to the pending states charges. The Court directed Morris to state any conduct of any defendant that related to these allegations. Morris did not provide any responsive information to this inquiry in the the more definite statement. Thus, Morris has not made any claims against any defendant arising from the two-page handwritten attachment to his Statement of Claim and any allegations therein

---

[19] *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D.Tex. March 15, 2002)("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation.")(citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996)).

[20] *See generally Canter v. O'Malley,* No. RWT 11CV918, 2012 WL 254014, at *8 (D. Md. January 25, 2012)(noting that an inmate's attempt to "force liability on the Governor and the Surgeon General by simply writing a letter and stating that failure to respond constituted deliberate indifference is illogical"); *Woods v. Goord,* No. 97 CIV 5143 (RWS), 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998)(stating that "failure to respond to plaintiff's letter requesting help does not in itself evince deliberate indifference to plaintiff's medical needs")(citation omitted)).

against the exiting defendants must be dismissed.[21]

*Order*

All claims against Joe Shannon are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii), and all remaining claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED October 11, 2013.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[21] Furthermore, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *See Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.),*cert. denied,* 515 U.S. 1145 (1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit*. *Ass'n*, 42 F.3d at 1490. Thus, even to the extent Morris could be read to be seeking claims for injunctive type relief against his pending charges, such claims must be dismissed under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).